UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONIQUE WILLIAMS, Individually, et al.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 1:17-cv-00445-JDB |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| Defendants. ) | |

## CNMC'S POSITION PAPER

1. Plaintiff claims Exhibit 5 vacillates between military and civilian time and concludes this means someone modified the electronic medical record ("EMR"). Pl's Paper at 6. The 08:59 entry in Exhibit 5 is before noon. It constitutes military time. See Military Time Chart (**Exhibit 1**). No corporate designee is necessary to explain this and it does not suggest anything about record alteration as Plaintiff alleged.

2. Plaintiff claims to wish to test the EMR's authenticity relating to the sexual history questions Dr. Smith asked HW on Oct. 3, 2014. Pl's Paper at 6-7. Dr. Smith created no EMR entry about that conversation. See Smith deposition at pp. 11-12, 35-38 (**Exhibit 2**). Because there is no EMR entry to test, no further sworn testimony is necessary.[1]

3. Plaintiff claims face sheets were not produced. Pl's Paper at 2-3. This is not accurate and CNMC has informed Plaintiff of this fact *twice*. See July 2 letter at p. 3 & July 19 email (**Exhibit 3**).

4. Plaintiff seeks a corporate designee to explain why Dr. Morrison's name appears in HW's EMR since she never treated him. Pl's Paper at 3. This Court already compelled Dr. Morrison's deposition. See ECF DKT 31, Order at 4. A corporate designee would be the

---

[1] Dr. Smith saw HW on Aug. 5, 2013 but causes of action about that care would be barred by limitations. There is no basis for corporate designee to address issues relating to time barred claims.

third individual to address this.  See Dr. Rucker's deposition at pp. 23-27 **(Exhibit 4)**.  Such cumulativeness is improper for a 30(b)(6) deposition.  Prasad v. George Washington Univ., 323 F.R.D. 88, 99 (D.D.C. 2017); Fed. R. Civ. P.26(b)(2)(c)(i) (limiting duplicative discovery).

5. Another topic Plaintiff seeks to address involves the dates on HW's medical records.  Pl's Paper at 2, 4.  HW came to UMC's ED on Oct. 3, was transferred to CNMC main, and died there on Oct. 5, 2014.  The CNMC main campus and UMC's ED share an EMR system.  CNMC memorialized this in writing for Plaintiff.  See Letter (**Exhibit 5**).

6. Plaintiff claims paper records must exist for HW that have not been produced because, she claims, a paper chart is created whenever the EMR goes down.  Pl's Paper at 4.  Plaintiff misappreciates the prior testimony.  HW presented to CNMC *before the computers went down* on Oct. 3 and, in those instances, the EMR charting is maintained.  **(Exhibit 2)** at pp. 58.

7. Plaintiff questions whether records for Oct. 3 were recorded contemporaneously and cites Dr. Felter's addition to the EMR after HW died.  Pl's Paper at 4-5.  The EMR shows when Dr. Felter supplemented it.  See CNMC ER -0199 (**Exhibit 6**).  Dr. Felter explained this in his deposition.  Felter deposition at pp. 31-32 **(Exhibit 7)**.  CNMC produced an audit trail showing exactly where in the EMR Dr. Felter went after HW died (**Exhibit 8**).  CNMC produced a detailed letter explaining how to interpret the audit trail (**Exhibit 9**).  Plaintiff identified nothing further a corporate designee can add to this exhaustive discovery.  This issue that has no bearing on whether HW's life could have been saved with an earlier diagnosis at a prior ED visit.

8. Plaintiff seeks another witness to address why face sheets list the wrong primary care provider ("PCP") when Dr. Rucker learned the correct PCP.  Dr. Rucker testified she did not have access to update the PCP in HW's EMR and explained that only Registration had such access.  Rucker deposition at 79-80 (**Exhibit 4**).

9.   Plaintiff wants an EMR designee to explain why nurses wrote physician orders. Pl's Paper at 4.  Nurses can write orders under the name of physicians for over the counter medications.  **(Exhibit 4 at 23-27).**  Dr. Morrison's deposition was compelled by this Court to supplement Dr. Rucker's explanation.  Nothing further is justified in this case where no nursing orders relate to the alleged failure to diagnose HW's HIV and syphilis at an earlier point in time.

10.  Plaintiff complains she did not receive all of HW's medical records when she requested them pre-suit.  Pl's Paper at 2.  The chart attached as Exhibit 1 to her Motion shows her first request did not seek all record but rather records from September 2014 forward.  She was provided what she requested.

11.  HW had 6 ER visits, one in-patient stay, and there are 650 pages of EMR without counting the audit trail. The overly broad nature of Plaintiff's request justifies its rejection. Banks v. Office, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging Rule 30(b)(6) deposition notice).

12.  While Fed. Rule Civ. P. 26 provides for broad discovery, that same Rule, in subsection (b)(2)(C), notes discovery "must" be limited when it is cumulative or obtainable from another, more convenient, source that is less burdensome or less expensive.  U.S. v. Kellogg Brown & Root Services, Inc., 284 F.R.D. 22, 37 (D.D.C. 2012).  Indeed, Plaintiff's request should be denied solely as costly discovery having no bearing on her claims.  McBride v. Medicalodges, Inc., 250 F.R.D. 581, 586-87 (D. Kan. 2008) (precluding Rule 30(b)(6) deposition topics irrelevant to the case); see also Waste Management v. River Birch, Inc., No. 11-2405, 2017 WL 1429108 at *2 (E.D. La. 2017) (precluding irrelevant depositions).

13.  This Court has previously held that Rule 26's relevancy standard is not without bite and exploration of a non-germane matter is not allowable on the theory that it might become

relevant.  Prasad, 323 F.R.D. at 91.  Rule 26 was amended in 2015 to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."  Id.  When discovery imposes a burden outweighing its likely benefit, courts should exercise their discretion to narrowly tailor discovery.  Buie v. District of Columbia, 2018 WL 3869128, at *5 (D.D.C. Aug. 14, 2018).

14. Here, Plaintiff has not shown how testimony on the authenticity of CNMC's records bears on why HW died and whether he should have been diagnosed with HIV and syphilis sooner.  Neither has Plaintiff posited that her experts require clarification concerning CNMC's records because the chart is unclear and/or impacts their assessment of the case.

WHEREFORE, the foregoing considered, CNMC asks this honorable Court to deny Plaintiff's request for a Rule 30(b)(6) deposition as duplicative, costly, and unnecessary. Plaintiff's issues have (a) already been addressed by CNMC's fact witnesses, (b) are clearly answered by the medical records themselves, and (c) are unrelated to the claims at issue in the case.

Respectfully submitted,

*/s/ CSDeese*
Crystal S. Deese (Bar # 454759)
Diona F. Howard-Nicolas (Bar # 1030575)
1120 20th Street, N.W.
South Tower, Third Floor
Washington, D. C. 20036
(T) (202) 457-1600
(F) (202) 457-1678
cdeese@jackscamp.com
dhowardnicolas@jackscamp.com
*Attorneys for Children's National Medical Center*

**Certificate of Service**

I hereby certify that the foregoing was served by Pacer on this 15th day of October 2018 upon:

Scott Sroka, Esq.
Sean Flaim, Esq.
Karen Evans, Esq.

*/s/ CSDeese*
Crystal S. Deese