UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Civil Action No. 17-445 (JDB) |

## ORDER

On August 8, 2019, this Court issued an order compelling the attendance of non-party witness Artenae Britt at a deposition noticed for August 26, 2019. Aug. 8, 2019, Order [ECF No. 68] at 1–2. The Clerk of Court mailed a copy of this order to her home address, id. at 2, and defendants attempted to effect personal service of a revised subpoena duces tecum several times in the days that followed, Joint Mot. of Defs. for Contempt Sanctions Regarding Non-Party Witness Deponent Artenae Britt ("Defs.' Mot.") [ECF No. 74] at 2–3. Britt failed to appear for the deposition and did not call or otherwise contact defense counsel to reschedule or explain her absence. Id. Defendants now request that Britt be held in civil contempt and that the Court impose sanctions for her failure to comply with this Court's August 8, 2019 order. Id. at 4. Plaintiff opposes the motion. See Pl.'s Resp. to Defs.' Mot. [ECF No. 76].

Citizens have an obligation to comply with lawful orders of this Court, and this Court, in turn, has "inherent power to enforce compliance with [its] lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966). In addition, the Federal Rules of Civil Procedure specifically provide that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." Fed. R. Civ. P. 45(g). Civil contempt sanctions "must be calibrated to coerce compliance or compensate a

complainant for losses sustained," and may not be "punitive" in nature. In re Fannie Mae Sec. Litig., 552 F.3d 814, 823 (D.C. Cir. 2009). The movant seeking a civil contempt order must show by clear and convincing evidence that "(1) there was a clear and unambiguous court order in place; (2) that order required certain conduct by [a party]; and (3) [the party] failed to comply with that order." United States v. Latney's Funeral Home, Inc., 41 F. Supp. 3d 24, 29–30 (D.D.C. 2014).

Here, the Court's August 8, 2019, order clearly and unambiguously ordered Britt to appear for her deposition, even going as far as noting the place and time at which the deposition would occur. This order was mailed to her home by the Clerk of Court, and the defendants' process server attempted personal service of the order to Britt at her home on August 25, 2019. Aff. of Process Server [ECF No. 74-2]. The process server left a copy of the order on her door. Id. The Court concludes that defendants have shown by clear and convincing evidence that there was an order in place that required Britt to attend her deposition. The Court also finds that defendants have shown by clear and convincing evidence that Britt did not, in fact, attend that deposition. Hence, the Court holds Artenae Britt in civil contempt for failure to appear for her deposition, thereby failing to comply with an order of this Court.

As for sanctions, the Court notes that Britt appears to have repeatedly avoided service of process, and although she was ultimately personally served twice, she has not communicated with defense counsel or otherwise complied with subpoenas issued by this Court. This conduct has unfairly imposed costs on defendants by forcing them to repeatedly attempt service and to litigate this issue in Court. Similarly, Britt's failure to cooperate with her legal obligations has imposed costs on plaintiff, whose counsel must attend depositions and respond to defendants' discovery requests. In order to coerce Britt's compliance—and in recognition of, although not full compensation for, the costs Britt's actions have imposed on the litigants in this case—the Court

will impose a monetary fine in the amount of one-hundred dollars ($100), payable immediately to the Clerk of Court of the United States District Court for the District of Columbia.

Britt is further warned that she may incur additional sanctions, <u>including additional monetary fines</u>, for failure to appear again at a rescheduled deposition if lawfully noticed and served by defendants. Any such deposition shall take place on or before October 3, 2019.

Accordingly, it is hereby

**ORDERED** that [74] defendants' joint motion for contempt sanctions as to nonparty witness Artenae Britt is **GRANTED**; it is further

**ORDERED** that Artenae Britt is held in **CIVIL CONTEMPT**; it is further

**ORDERED** that Artenae Britt is **SANCTIONED** in the form of a monetary fine of one-hundred dollars ($100) for her failure to comply with this Court's August 8, 2019, order compelling her attendance at her deposition; it is further

**ORDERED** that this sum is payable immediately to the Clerk of Court of the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C. 20001; it is further

**ORDERED** that the Clerk of Court shall send a copy of this Order by first-class mail to Artenae Britt, 3913 Burns Court, S.E., Washington, D.C. 20019; it is further

**ORDERED** that this Order shall be personally served on Artenae Britt by defendants by not later than September 13, 2019; and it is further

**ORDERED** that Artenae Britt shall appear for a deposition, if properly noticed and served with a subpoena duces tecum, at the date and time set in that subpoena, but not later than October 3, 2019. Failure to appear will lead to additional sanctions, including additional monetary fines.

**SO ORDERED.**

3

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: September 9, 2019