IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action Nos. 17-445 (JDB) |
| UNITED STATES OF AMERICA, et al., | : |
| Defendants. | : |

**PLAINTIFF'S DISCLOSURE OF EXPERT TESTIMONY PURSUANT TO FRCP 26(a)(2)**

Plaintiff Monique Williams, by counsel Karen E. Evans, Esq., Rabiah Abdullah, Esq., and The Cochran Firm, submits this Disclosure of Expert Testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order, and identifies the expert witnesses who will testify on her behalf, as follows. Plaintiff reserves the right to supplement or amend this Disclosure upon completion of the depositions of the Defendants' expert witnesses.

1.  Melissa C. Blackwell, Psy.D.
    5565 Sterrett Place, Suite 320
    Columbia, MD  21044

Dr. Blackwell is a clinical psychologist and neuropsychologist who will explain relevant advances in neuropsychology and neuroscience which are key to understanding the Decedent's behavior and neurodevelopmental status at the time of his health care visits during his adolescence. Dr. Blackwell's specialized knowledge in the field of adolescent neurocognitive development and behavior will help the trier of fact to understand the evidence and determine facts in issue. Dr. Blackwell's specialized knowledge will help the trier of fact understand the behavior of adolescent teenagers, and she will testify that HW's conduct was reasonable and to be expected from a teenager. Dr. Blackwell may also give a dissertation or exposition of

1

scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts, where, as here, counsel believes the trier of fact can itself draw the requisite inference. Dr. Blackwell's expert report, *curriculum vitae*, fee schedule and list of prior testimony are incorporated herein and/or attached hereto as Exhibit 1. She will testify consistent with her report.

All of Dr. Blackwell's opinions will be expressed to a reasonable degree of professional and psychological certainty and probability. She may utilize textbooks, medical articles and treatises, models, medical illustrations, and other materials and visual aids in her testimony. She may also use demonstrative and/or graphic illustrations to show the development of the adolescent brain. She may also use visual enlargements of the relevant medical records, discovery materials and references as set forth in her report.

Plaintiff incorporates by reference any additional related opinions which may be set forth in the discovery deposition of Dr. Blackwell. Dr. Blackwell reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Blackwell is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known. Moreover, if the defendants contend, as threatened, that HW contributed to his own death, then Dr. Blackwell's testimony will rebut this defense, and provide a basis upon which the trier of fact can draw the requisite inference that HW acted reasonably as a teenager and was not contributorily negligent.

2. Thomas C. Borzilleri, Ph.D.
   6701 Democracy Blvd., Suite 300
   Bethesda, MD 20817

Dr. Borzilleri's expert report, *curriculum vitae*, fee schedule and list of prior testimony are incorporated herein and/or attached hereto as Exhibit 2. Plaintiff will call Dr. Borzilleri to testify as an expert witness in the field of economic valuation, calculation, and projection.

Each of Dr. Borzilleri's opinions is held to a reasonable degree of professional and economic certainty. Dr. Borzilleri will testify in accord with the facts, findings, and conclusions detailed in his report. As is detailed in his report, Dr. Borzilleri will testify as to the present value of the losses to the Estate of H.W. He may also use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Borzilleri. Dr. Borzilleri reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Borzilleri may also address and rebut the opinions of defense expert witnesses, as their opinions become known.

3. Thomas E. Davis, M.D., FAAFP
   12103 Belle Meade
   St. Louis, MO 63131

Dr. Davis is a member in good standing of the American Academy of Professional Coders, holding certifications as a Certified Risk Coder and a Certified Professional Compliance Officer. Dr. Davis' expert report, *curriculum vitae*, fee schedule and list of prior testimony are incorporated herein and/or attached hereto as Exhibit 3. Dr. Davis is a Board-Certified Family Physician with the Degree of Fellow bestowed by the American Academy of Family Physicians. Dr. Davis will testify in accord with the facts, findings, and conclusions detailed in his report.

All of Dr. Davis' opinions will be expressed to a reasonable degree of professional and medical certainty. He may utilize professional literature, textbooks, illustrations, and other

materials and visual aids in his testimony. He may also use demonstrative and/or graphic illustrations. He may also use visual enlargements from his report, relevant discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Davis. Dr. Davis reserves the right to amend, subtract, or supplement his opinions as additional information is obtained. Dr. Davis may address and rebut the opinions of defense expert witnesses, as their opinions become known.

4. Anne L. Derouin, DNP, APRN, CPNP, FAANP
8100 Winstone Court
Canton, NC 28716

Anne Derouin, DNP, APRN, CPNP, FAANP is currently the Lead Faculty for the PNP-Primary Care/MSN program at Duke University School of Nursing. Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 4. Dr. Derouin will testify consistent with her report.

All of Dr. Derouin's opinions will be expressed to a reasonable degree of nurse practitioner certainty. She may utilize textbooks, treatises, medical articles/treatises, models, medical illustrations, and other materials and visual aids in her testimony. She may use demonstrative and/or graphic illustrations. She may also use visual enlargements from her report, relevant medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Derouin. Dr. Derouin reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Derouin is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

5.     Bradley Ford, MD, PhD
       University of Iowa
       Roy J. and Lucille A. Carver College of Medicine
       University of Iowa Health Care
       C606-B General Hospital
       Iowa City, IA 52242

Dr. Ford is Medical Director, Clinical Microbiology; Coordinator, Koontz Lecture Series; Program Director, Medical Microbiology Fellowship; and Clinical Associate Professor of Pathology at the University of Iowa Health Care, Carver College of Medicine. He is a Diplomate in Clinical Pathology-American Board of Pathology. His professional background and qualifications are set forth in his report which is attached here to as Exhibit 5. Dr. Ford will testify as set forth in his report which includes his opinions about the likely HIV test results based on HIV acquisition on (or before) August 20, 2014 as well as the timing of HW's syphilis acquisition and Dr. Ford's bases for these opinions as described in his report.

All of Dr. Ford's opinions will be expressed to a reasonable degree of laboratory and medical certainty. He may utilize textbooks, medical treatises, medical and/or laboratory articles, CDC literature, medical literature, models, medical illustrations, and other materials and visual aids in his testimony. He may use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant medical records, discovery materials, references, and charts and tables as set forth in his report.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Ford. Dr. Ford reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Ford may also address and rebut the opinions of other expert witnesses, as their opinions become known.

6.     Edward W. Hook III, M.D.
       3001 Canterbury Road
       Birmingham, AL 35223

Dr. Hook is Emeritus Professor of Infectious Diseases in the Departments of Medicine, Epidemiology, and Microbiology at the University of Alabama at Birmingham. Dr. Hook's expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 6. Dr. Hook will testify to the opinions, facts, data and conclusions set forth in his report.

All of Dr. Hook's opinions will be expressed to a reasonable degree of medical certainty and probability. He may utilize textbooks, relevant medical literature, medical treatises and books, models, medical illustrations, and other materials and visual aids in his testimony. He may use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant medical records, discovery materials and references as set forth in his report.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Hook. Dr. Hook reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Hook may address and rebut the opinions of defense expert witnesses, as their opinions become known.

7.   John C. Hyde II, Ph.D., FACHE
     Health Care Consultant
     4301 Highway 35 North
     Forest MS  39074

Dr. Hyde is an adjunct Professor of Healthcare Administration at the George Washington University, teaching healthcare management at the graduate level, and he is a full-time consultant in the field of healthcare administration. Dr. Hyde's expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 7. Dr. Hyde will testify consistent with his report.

All of Dr. Hyde's opinions will be expressed to a reasonable degree of professional certainty. He may utilize textbooks, known treatises, relevant literature in the field, Joint Commission standards, DC Regulations, and other materials and visual aids, demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant standards, policies, medical records, discovery materials and references noted in his report and generally relied upon by experts in the field.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Hyde. Dr. Hyde reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Hyde is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

8.     Elena R. Ladich, M.D.
       16699 Collins Ave #3003
       Sunny Isles Beach, FL 33160

Dr. Ladich is a Cardiovascular Pathologist who is Board Certified in Anatomic and Clinical Pathology. Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 8. Dr. Ladich will testify consistent with her report.

All of Dr. Ladich's opinions will be expressed to a reasonable degree of medical and pathologic certainty. She may utilize textbooks, known treatises, and medical and/or surgical books, models, medical illustrations, and other materials and visual aids in her testimony. She may use micrograph images taken from the pathology slides she reviewed, and other demonstrative and/or graphic illustrations. She may use visual enlargements of the relevant images, medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Ladich. Dr. Ladich reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Ladich is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

9. Nellie R. Lazar, MSN, MPH, CRNP
    4620 Larchwood Avenue
    Philadelphia, PA 19143

Nellie R. Lazar, MSN, MPH, CRNP is a Family Nurse Practitioner. She works in the Division of Adolescent Medicine at Children's Hospital of Philadelphia (CHOP). Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 9. NP Lazar will testify consistent with the facts, opinions, data, and conclusions set forth in her report.

All of Nurse Lazar's opinions will be expressed to a reasonable degree of nurse practitioner certainty. She may utilize textbooks, known treatises, and CDC literature, medical and/or surgical books, models, medical illustrations, and other materials and visual aids in her testimony. She may use demonstrative and/or graphic illustrations. She may also use visual enlargements of the relevant medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Nurse Lazar. Nurse Lazar reserves the right to amend or supplement her opinions as additional information is obtained. Nurse Lazar is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

10. Katherine Margo, M.D.
    426 Carpenter Lane
    Philadelphia, PA 19119

Dr. Margo is a Board-Certified Family Physician and Associate Professor of Family Medicine and Community Health who has worked side-by-side with nurse practitioners (NPs) in various outpatient settings and provided clinical precepting to them. Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 10. Dr. Margo will testify consistent with her report.

All of Dr. Margo's opinions will be expressed to a reasonable degree of nurse practitioner certainty. She may utilize textbooks, known medical treatises, and medical and/or surgical books, models, medical illustrations, and other materials and visual aids in her testimony. She may use demonstrative and/or graphic illustrations. She may use visual enlargements of the relevant images, medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Margo. Dr. Margo reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Margo may address and rebut the opinions of defense expert witnesses, as their opinions become known.

11. John P. Rissing, M.D., FACP, FIDSA
    16 Woodside Circle
    Evans, GA 30809

Dr. Rissing is a Professor of Medicine in the Division of Infectious Diseases, Department of Medicine at Augusta University. He also administers the Ryan White Program. Dr. Hook's expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 11. Dr. Rissing will testify consistent with his report.

All of Dr. Rissing's opinions will be expressed to a reasonable degree of medical certainty. He may utilize medical literature, textbooks, and known treatises, models, medical

illustrations, and other materials and visual aids in his testimony. He may use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant medical records, medical literature, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Rissing. Dr. Rissing reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Rissing may also address and rebut the opinions of defense expert witnesses, as their opinions become known.

12. Karen A. Santucci, M.D., FAAP
    22 Heritage Hill Road
    Norwalk, CT 06851

Dr. Santucci practices Pediatrics and Pediatric Emergency Medicine, is Director of the Pediatric Hospitalist Program at Greenwich Hospital, and is Executive Vice-Chair of Pediatrics at Yale University School of Medicine. Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 12. Dr. Santucci will testify consistent with her report.

All of Dr. Santucci's opinions will be expressed to a reasonable degree of medical certainty. She may utilize medical literature, textbooks, known treatises, models, medical illustrations, and other materials and visual aids in her testimony. She may use images, demonstrative and/or graphic illustrations. She may use visual enlargements of the relevant images, medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Santucci. Dr. Santucci reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Santucci may address and rebut the opinions of defense expert witnesses, as their opinions become known.

13.  Michael T. Vossmeyer, M.D., FAAP
     703 Sunglow Drive
     Villa Hills, KY 41017

Dr. Michael Vossmeyer is an Associate Professor, Clinical Pediatrics at the University of Cincinnati College of Medicine and is an attending Physician, Division of Hospital Medicine at Cincinnati Children's Hospital Medical Center. Dr. Vossmeyer participated in the development of the hospitalist program at Cincinnati Children's. He was instrumental in developing and spreading family-centered rounding at Cincinnati Children's and has made numerous invited presentations on the subject. He was co-designer of the Pediatric Early Warning System and collaborated in its implementation and dissemination. Currently he is working to increase collaboration between community physicians who admit and care for their patients and the hospitalist faculty. Dr. Vossmeyer's expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 13. Dr. Vossmeyer will testify consistent with his report.

All of Dr. Vossmeyer's opinions will be expressed to a reasonable degree of medical certainty. He may utilize medical literature, textbooks, known treatises, models, medical illustrations, and other materials and visual aids in his testimony. He may use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Vossmeyer. Dr. Vossmeyer reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Vossmeyer may also address and rebut the opinions of defense expert witnesses, as their opinions become known.

14. Julia S. Whitefield, M.D., Ph.D.
    Pediatric Emergency Medicine
    5525 N. Stanton Street, #26A
    El Paso, TX 79912

Dr. Whitefield has worked in Pediatric Emergency Medicine since 1987 and is certified by the American Board of Pediatrics (MOC) and the American Board of Pediatrics sub-board of Pediatric Emergency Medicine. She has devoted her professional life to teaching communities, training parents, EMTs, nurses and physician colleagues about pediatric emergencies. She is a diplomate of the American Board of Pediatrics and is a Fellow of American Academy of Pediatrics. Her expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 14. Dr. Whitefield will testify consistent with her report.

All of Dr. Whitefield's opinions will be expressed to a reasonable degree of medical certainty. She may utilize medical literature, textbooks, known treatises, models, medical illustrations, and other materials and visual aids in her testimony. She may use images, demonstrative and/or graphic illustrations. She may use visual enlargements of the relevant images, medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Whitefield. Dr. Whitefield reserves the right to amend or supplement her opinions as additional information is obtained. Dr. Whitefield is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

15. Richard A. Berg, M.D.
    2700 Quarry Lake Drive,
    Suite 260
    Baltimore, MD 21209

Dr. Berg is a board-certified internist and infectious disease specialist. His *curriculum vitae* and fee schedule are attached. He will offer opinions regarding standard of care, causation, and damages. His opinions will be based upon his education, training, experience and knowledge of relevant literature and his review of Mr. Stanley's medical records and other discovery materials produced in this case. Dr. Berg's expert report, *curriculum vitae*, fee schedule and statement regarding prior testimony are incorporated herein and/or attached hereto as Exhibit 15. Dr. Berg will testify consistent with his report.

All of Dr. Berg's opinions will be expressed to a reasonable degree of medical certainty. He may utilize medical literature, textbooks, known treatises, models, medical illustrations, and other materials and visual aids in his testimony. He may use images, demonstrative and/or graphic illustrations. He may use visual enlargements of the relevant images, medical records, discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Berg. Dr. Berg reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Berg is also expected to address and rebut the opinions of defense expert witnesses, as their opinions become known.

**Hybrid Witness Testimony:**

**RULE 26(a)(2)(C) Witnesses Who Do Not Provide a Written Report.**

16.   Roger A. Mitchell, Jr., M.D., FASCP
      Chief Medical Examiner, District of Columbia
      401 E Street, S.W., Suite 6102
      Washington, DC 20024

Dr. Mitchell, Chief Medical Examiner for the District of Columbia, performed the autopsy of the Decedent H.W. and authored the original and final amended Autopsy Reports. His Autopsy Report, Amended Autopsy report, photographs and Office of the Chief Medical

Examiner (OCME) file were previously provided to counsel. However, copies of the Autopsy reports are included herein along with Dr. Mitchell's professional biography, which are incorporated herein and attached hereto as Exhibit 16.

Dr. Roger Mitchell Jr. is board certified in Anatomic and Forensic Pathology by the American Board of Pathology and a Fellow with the National Association of Medical Examiners (NAME). Dr. Mitchell is the new Chair of the Strategic Planning Subcommittee for NAME and is the Immediate Past Chair for the Deaths in Custody Subcommittee. Dr. Mitchell has recently served as the National Co-Chair for the National Medical Association's (NMA) Working Group on Gun Violence and Police Use of Force.

Dr. Mitchell is expected to provide testimony consistent with his Amended Autopsy Report and the inferences derived from his report, the reports in the file of the OCME, including communication with HW's healthcare providers from CNMC and Unity Health as well as any medical records he was provided at the time. Dr. Mitchell will authenticate and testify about the color photographs and drawings taken and created during the autopsy. He will also testify about the toxicology report and Microbiology Report prepared by the Office of the Chief Medical Examiner. He will testify that the Medical Examiner tested Decedent's blood for HIV post-mortem, which came back reactive. Dr. Mitchell will testify consistent with the microbiology report and HIV results. He will testify that the color autopsy photographs, drawings and any testing were performed at his direction and were obtained in connection with the autopsy and preparation of his report.

Dr. Mitchell will testify that he performed the entire autopsy including his initial gross examination of the brain, sections, and slides. He will also testify that he sent slides of the Decedent's brain to neuropathology consultant Brent T. Harris, M.D. whose Neuropathology

Report confirmed Dr. Mitchell's findings. Dr. Harris' Neuropathology Consultation Report was provided to the Office of the Chief Medical Examiner (OCME) and was contained in the OCME file. Dr. Harris' findings are incorporated in the Histology section of the final Amended Autopsy Report, with minor changes in the section regarding the head and neck. Dr. Mitchell is expected to testify that the histological findings of H.W.'s brain revealed that he had syphilis; spirochetes were seen in his brain. He is also expected to testify that inflammation was found in and around the vessel structures in H.W.'s brain, which had an "angry" pink appearance. The brain was swollen.

Dr. Mitchell will testify and explain that during the autopsy, he observed some "chronic" inflammation -- "chronic" meaning a descriptor of the type of cells (lymphocytes) and description of the cellular response, as the bacteria elicited an inflammatory response in this case. Thus, "chronic" does not refer to the timing, but rather to the type of cells and cellular response to the cause of inflammation.

Dr. Mitchell will testify regarding his gross findings and histologic findings. He will testify that HW's body was received in a hospital gown and he was wearing an adult diaper, which is shown in autopsy photographs by the blue hue under the gown. He will testify about the tattoos, the rash on HW's buttocks and that the lymph nodes in H.W.'s neck were prominent and "congested," with a pink and dark appearance suggesting infection. He will also testify that H.W.'s throat was red. He will testify to the findings and conclusions in the autopsy reports.

Dr. Mitchell will testify regarding the pathologic cause of HW's death. He will explain what pathologic cause of death means. He will testify that his pathological diagnosis was as follows:

    I.     Sudden death due to Myocarditis and cerebral Angiitis complicating Syphilis infection

        a. Hospital Testing (10/07/2014)-Florescent Treponemal Antibody (FTA-ABS) IgG-Positive
        b. Generalized lymphadenopathy, porta hepatis

II.    Human Immunodeficiency Virus (HIV) Positive
        a. Hospital Testing (10/9/2014)-HIV-1 RNA detected

Cause of Death: Sudden Death due to myocarditis and cerebral vasculitis complicating syphilis infection.

Contributing Cause: Human Immunodeficiency Virus Infection

      Dr. Mitchell is also expected to testify that from a pathology perspective, syphilis was the primary underlying cause of H.W.'s death, which was connected to his myocarditis, vasculitis, and encephalitis. The secondary contributing cause was HIV, which will potentiate a syphilis infection, causing it to progress faster in a poor immune environment. Dr. Mitchell will testify that the mechanisms of death likely involved myocarditis, fatal arrhythmia and cerebral vasculitis and any medical consequences that flowed from these conditions.

      All of Dr. Mitchell's opinions will be expressed to a reasonable degree of medical and pathologic certainty and probability. He may utilize professional literature, medical literature, medical textbooks, known treatises, models, medical illustrations, and other materials and visual aids in his testimony. He may also use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant discovery materials and references.

      Plaintiff incorporates by reference any additional related opinions which are set forth in any discovery deposition of Dr. Mitchell. Dr. Mitchell reserves the right to amend or supplement his opinions as additional information is obtained. Dr. Mitchell may also address any opinions expressed by other pathologists that differ from his opinions, as they become known.

17. Brent T. Harris, M.D., Ph.D.
Consulting Neuropathologist, D.C. Office of the Chief Medical Examiner
Director of Neuropathology
Georgetown University Medical Center, Department of Neurology
Building D, Room 207
4000 Reservoir Road, N.W.
Washington, DC 20057

Dr. Brent Harris is an Associate Professor, Departments of Neurology and Pathology, Director of Neuropathology, Director, Harris Lab, Director, Georgetown Brain Bank, Co-Director, Histopathology and Tissue Shared Resource and Consulting Neuropathologist, D.C. Office of Chief Medical Examiner. His professional biographical information and expert report are attached hereto as Exhibit 17. He is expected to provide testimony consistent with his report.

Per his report, Dr. Harris reviewed 15 slides labelled 14-2302. He will testify that he reviewed slides of HW's brain tissue which were created and stained by the Office of the Chief Medical Examiner (OCME). He will also testify that he reviewed the case grossly with Dr. Mitchell in 2014 but that the slides were not prepared and submitted to him for review until 2017. He will testify that in 2017 he performed a microscopic review of HW's brain tissue and thereafter authored the attached Neuropathology consultation report.

Dr. Harris will testify that his final diagnoses included the following:

I. Diffuse meningoencephalitis and spirochete infection, consistent with neurosyphilis.

II. Diffuse, mild cerebral edema.

III. Acute hypoxia-ishchemia, left hippocampus.

IV. Metabolic glia.

Dr. Harris will testify that he personally examined HW's brain tissue and reviewed the report. He will define the meaning and explain the pathologic significance of his diagnosis listed above, the tasks he performed to reach these diagnoses and the bases for his diagnoses. All of

Dr. Harris' opinions will be expressed to a reasonable degree of medical and pathologic certainty. He may utilize professional literature, textbooks, known treatises, and medical books, models, medical illustrations, and other materials and visual aids in his testimony. He may also use demonstrative and/or graphic illustrations. He may also use visual enlargements of the relevant discovery materials and references.

Plaintiff incorporates by reference any additional related opinions which are set forth in the discovery deposition of Dr. Harris.

Plaintiffs' reserve the right to call as a witness at trial any and all expert witnesses identified by the defendants in their expert designations, witness lists and/or discovery responses, and any of HW's treating healthcare providers who, while not retained, may provide testimony within their areas of expertise regarding their care and treatment of H.W.

DATE: Oct. 3, 2019

                                      Respectfully submitted,

                                      **THE COCHRAN FIRM**

                                      */s/ Karen E. Evans*
                                      Karen E. Evans, Esq.  #426067
                                      Rabiah Abdullah, Esq.  #459984
                                      1100 New York Avenue, N.W.
                                      Suite 340 – West Tower
                                      Washington, DC  20005
                                      Telephone:  (202) 682-5800
                                      Fax:  (202) 408-8852
                                      kevans@cochranfirm.com
                                      rabdullah@cochranfirm.com
                                      *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2019, a copy of the foregoing was filed and served via electronic filing upon the following counsel of record:

Scott Leeson Sroka, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Attorney for Defendant United States of America

Sean M. Flaim, Esq.
Office of the General Counsel
U.S. Dept. of Health and Human Services
Of Counsel

Crystal S. Deese, Esq.
Edward J. Sedlacek, Esq.
1120 20th Street, N.W.
South Tower, Third Floor
Washington, DC 20036
Attorneys for Children's National Medical Center

                                                              */s/ Karen E. Evans*
                                                              Karen E. Evans